**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

**WILLIAM FIELDS,**
**Plaintiff,**

**vs. Case No: 5:10cv16/MCR/MD**

**STATE OF FLORIDA, et al.,**
**Defendants.**

---

**ORDER and**
**REPORT AND RECOMMENDATION**

**This cause is before the court upon transfer from the Middle District. (Docs. 3, 4). Pending is plaintiff's *pro se* civil rights complaint filed under 42 U.S.C. § 1983, (doc. 1), and his motion to proceed *in forma pauperis*, (doc. 2). For the limited purpose of dismissal of the complaint, leave to proceed *in forma pauperis* will be granted.**

**Plaintiff is a resident of Clearwater, Florida. He sues the State of Florida and three Florida Department of Corrections' ("DOC") employees, claiming that one Tyrone Fields, apparently a sibling, was "kidnapped" by the State of Florida and is being confined unconstitutionally within the DOC. Specifically, plaintiff asserts that the State of Florida acquired custody of Tyrone Fields through a fugitive warrant, then "gave him 10 extra years" without allowing him to see a judge. Plaintiff additionally complains that DOC officials stripped Tyrone Fields of his clothing, took a DNA sample without his permission, denied him his right to vote in the 2009 presidential election, lied during Tyrone Fields' court proceeding in Gulf County Circuit Court Case Number 08-180,[1] and denied him permission to attend his**

---

1**The docket sheet of Gulf County Circuit Court Case number 08-180 indicates that this was a habeas case filed by Tyrone Fields in April of 2008. *See* www.gulfclerk.com.**

**mother's funeral. Plaintiff also claims that the judge presiding over Tyrone Fields' habeas case "made a rule retroactively that did not apply to him [Tyrone Fields]," namely Rule 33-602.101 of the Florida Administrative Code.[2] In the "Statement of Claims" section of the complaint, plaintiff identifies his claims as follows: "kidnapping by State of Florida and others, intention inflection [sic] of emotional distress, conspirecy [sic], violation of right to due process of law, abuse of process of law, denied [sic] right to vote in 2009 president [sic] election, resufeing [sic] to prevent neglect, involutary [sic] slavery force on [sic]." As relief, plaintiff seeks compensatory and punitive damages. (Doc. 1).**

**"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Johansen v. Combustion Eng'g, Inc.*, 170 F.3d 1320, 1328 n. 4 (11th Cir. 1999). "Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005). The inquiry whether a court has standing "is an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). To have standing, the plaintiff must show: (1) that he suffered an actual or threatened injury, (2) that the injury is fairly traceable to the challenged conduct of the defendant, and (3) that the injury is likely to be redressed by a favorable ruling." *Cuban American Bar Ass'n v. Christopher*, 43 F.3d 1412 (11th Cir. 1995) (citing *Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994); *accord Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982)). With respect to the first requirement, the plaintiff generally must assert that <u>his own</u> legal rights or interests have been injured as opposed to those of third parties. *Harris*, 20 F.3d at 1121 (citing *Saladin v. City of Milledgeville*, 812 F.2d 687,**

---

2**Rule 33-602.01 of the Florida Administrative Code is the Department of Corrections' rule pertaining to the care of inmates. It provides regulations concerning uniforms, clothing, footwear, and grooming, and also provides generally for food, housing and medical care.**

**690 (11th Cir. 1987). In limited instances, a litigant may present a third party claim when three criteria are met:**

> **the litigant must have suffered an "injury-in-fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; the litigant must have a close relation to the third party; and there must exist some hindrance to the third party's ability to protect his or her own interests.**

***Harris*, 20 F.3d at 1122 (quoting *Powers v. Ohio*, 499 U.S. 400, 409-12, 111 S.Ct. 1364, 1370-71, 113 L.Ed.2d 411 (1991)). With respect to the third factor, the court must ask "whether it would be difficult if not impossible for the persons whose rights are asserted to present their grievance before any court; if that is the case, then the reasons which underlie the rule denying standing to raise another's rights, which is only a rule of practice, are outweighed by the need to protect the fundamental rights which would be denied otherwise." *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1043-44 (11th Cir. 2008) (internal quotations marks omitted) (citing *Barrows v. Jackson*, 346 U.S. 249, 257, 73 S.Ct. 1031, 97 L.Ed.1586 (1953)). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan*, 504 U.S. at 561, 112 S.Ct. 2130.**

**In the instant case, plaintiff has not alleged that his own constitutional rights were, or will be violated, or that he has suffered any injury-in-fact. To the extent he seeks third party standing to assert claims on behalf of Tyrone Fields, he has not made the requisite showing. First, as already noted, plaintiff has not sufficiently alleged that he has a concrete interest in the outcome of this dispute. Furthermore, he has made no showing of a hindrance preventing Tyrone Fields from bringing his claims on his own behalf. The fact that Tyrone Fields is incarcerated and has been unsuccessful in obtaining his own release does not establish the requisite "hindrance" to allow third-party standing. As plaintiff lacks standing to present his federal claims, this suit should be dismissed.**

**To the extent any of plaintiff's claims can liberally be construed as arising under state law, the undersigned recommends that the court, in its discretion pursuant to 28 U.S.C. § 1367(c)(3), decline to exercise supplemental jurisdiction over**

**any state law claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).**

**Accordingly, it is ORDERED;**

**Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.**

**And it is respectfully RECOMMENDED:**

**1. That plaintiff's federal claims be DISMISSED for lack of jurisdiction.**

**2. That any state law claims be DISMISSED WITHOUT PREJUDICE.**

**3. That the clerk be directed to close the file.**

**At Pensacola, Florida this 1st day of February, 2010.**

/s/ Miles Davis

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**<u>NOTICE TO THE PARTIES</u>**

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**